### BLACK v. O. K. RADIATOR & SHEET METAL WORKS et al.*
### No. 14650.

Court of Appeal of Louisiana. Orleans.

Feb. 26, 1934.

Theo. Cotonio, of New Orleans, for appellant.

St. Clair Adams, Jr., of New Orleans, for appellees.

WESTERFIELD, Judge.

This is an action via ordinaria brought by the holder of a promissory note calling for the sum of $144 and secured by chattel mortgage upon a Chrysler coupé automobile.

The plaintiff, Graham S. Black, sues his son, William B. Black, as the maker of the mortgage note, and joins as party-defendant Robert M. Umbach, doing business as O. K. Auto Radiator & Sheet Metal Works, alleging "that the automobile described in the said chattel mortgage is now in the possession of Robert M. Umbach," and praying for judgment ordering Umbach to deliver the mortgaged automobile to the constable, or, in the alternative, that judgment be rendered against him as prayed for against Black for the full amount of the note, principal, interest, and attorney's fees.

Umbach's defense, though articulate in form, was, in effect, a general denial. Black did not defend the suit.

There was judgment below in plaintiff's favor against Black, as prayed for, but without recognition of the lien and privilege of plaintiff upon the mortgaged automobile. The suit against Umbach was dismissed. Plaintiff has appealed, asking that the judgment against Black be so amended as to recognize his lien and privilege and that he have judgment against Umbach as prayed for in his original petition.

The facts in the case, as they appear from the record, are as follows:

William B. Black owned a Chrysler coupé automobile on which there was a chattel mortgage held by the General Finance Company of Louisiana, Inc., to secure an indebtedness of $144. The finance company, alleging that its claim was past due, seized the automobile under a foreclosure proceeding via executiva filed in the civil district court for the parish of Orleans under the No. 104129. In order to prevent the sale of the automobile, Graham S. Black, plaintiff herein, the father of the owner of the automobile, purchased the mortgage note and caused the seizure to be released and the car to be returned to his son. Shortly after the automobile was repossessed in the manner stated, it was badly damaged, or, as it is described in the testimony, "wrecked," and turned over to the defendant Umbach, the proprietor of the business known as the O. K. Auto Radiator & Sheet Metal Works, for repairs. The cost of the repairs was $250 or $300, the record is not quite clear as to the amount.

After attempting in various ways to collect his repair bill, Umbach finally sold the automobile, without legal process, to Chester

---
*Rehearing denied March 12, 1934.

F. Owens, a member of the local bar, who paid the sum of $250 for it.

■ In regard to the claim against William B. Black, which was not defended below, it seems to us that the amendment asked for should be allowed. The reason given by the trial court for the failure to recognize the lien and privilege, to the effect that plaintiff was guilty of laches in the enforcement of the mortgage, does not seem to us as sufficient to deprive plaintiff of his lien against which no charge affecting its validity is made, at least not by the defendant Black.

The basis of plaintiff's claim against Umbach is that he sold an automobile upon which the plaintiff held a chattel mortgage. While the petition alleges that the automobile was in the possession of Umbach at the time the suit was brought, and though, upon the trial of the case, it developed that plaintiff was mistaken in this, a circumstance which is made the basis of the judgment below, we believe the important factor in the consideration of Umbach's liability is the failure to prove any loss resulting to plaintiff from the action of Umbach in disposing of the automobile. It is true that Umbach sold the mortgaged automobile; he testified to that fact himself. Indeed the party to whom he sold it, Chester F. Owens, was also a witness and confirmed the fact of his purchase of the car. But there is no proof that the action of Umbach caused any loss to the plaintiff, for the automobile, which is the subject of his mortgage, is within the jurisdiction of the court and in the possession of Umbach's vendee, who also resides in this jurisdiction. There is no showing to the effect that Umbach had damaged the automobile while it was in his possession. On the contrary, the evidence is to the effect that it was put in running order after having been delivered to Umbach in a wrecked condition.

■ The holder of a chattel mortgage, like the holder of a mortgage on real property, has a right, in an appropriate proceeding, to pursue the property in the hands of third persons by hypothecary action or otherwise. Rev. Civ. Code, art. 3399 et seq.; Act No. 198 of 1918; Durvel v. Buchanan, 147 La. 804, 86 So. 189; Charrier v. Greenlaw Truck & Tractor Co., Inc., 2 La. App. 622. And if chattels are sold to the prejudice of the mortgagee, a civil liability results on the part of the vendor to the mortgagee.

■ In Roger v. Milliken & Farwell et al., 14 Orl. App. 92, a quantity of sugar was sold and the proceeds converted without regard to the claim of the lienholder. The court held that the party who had sold the sugar was guilty of a quasi offense resulting in a personal liability in favor of the lienor to the extent of the value of the property converted. But here the automobile has not been, so far as the record shows, damaged by anything that Mr. Umbach did with it, and, consequently, he cannot be held in this proceeding.

There is nothing in this case which would support a judgment in plaintiff's favor against Umbach. If Umbach's action in selling the car extrajudicially resulted in injury to the right of any person, he might be the subject of an action in damages, when it will be time enough to consider the propriety of his action in selling the mortgaged automobile.

For the reasons assigned, the judgment against William B. Black is amended so as to read as follows:

"It is ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Graham S. Black and against the defendant, William B. Black, in the full sum of $144.00, with interest from November 1st, 1931, and 15 per cent. attorney's fees on both principal and interest, and with recognition of plaintiff's lien and privilege bearing upon a certain Chrysler six-cylinder Coupe Automobile, Motor No. R—297210, Serial No. CD–553–Y, and all costs in both courts."

It is further ordered that the judgment in favor of defendant Robert M. Umbach, doing business as O. K. Radiator & Sheet Metal Works, dismissing plaintiff's suit, be and it is affirmed.

Amended and affirmed.